

U.S. Department of Justice

United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St. N W*
*Washington, D C. 20001*

January 22, 2007

**FILED**

**AUG 0 3 2007**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

CR: 07-170 (CKK)

**BY FAX (303-637-5910) AND FIRST-CLASS MAIL**
Peter S. Spivack
Hogan & Hartson LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004

Re:   Lakeal O. Ellis

Dear Mr. Spivack:

This letter sets forth the full and complete plea offer to your client, Ms. Ellis. This offer is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This plea offer will expire on February 1, 2007. Upon receipt, the executed letter will itself become the plea agreement. The terms of the offer are as follows:

1. **Charges:** Ms. Ellis agrees to waive Indictment and to plead guilty to a one-count information charging a violation of Title 18, United States Code, Section 1035 (False Statement Relating to Health Care Matters). It is understood that the guilty plea will be based on a factual admission of guilt to the offense charged to be made before the Court by Ms. Ellis and will be entered in accordance with Rule 11 of the Federal Rules of Criminal Procedure. Ms. Ellis agrees that the attached "Statement of the Offense" fairly and accurately describes Ms. Ellis's actions and involvement in the fraud scheme. It is anticipated that during the Rule 11 plea hearing, Ms. Ellis will adopt and sign the Statement of the Offense as a written proffer of evidence.

2. **Potential penalties, assessments, and restitution**: Ms. Ellis understands that the maximum sentence that can be imposed is five years imprisonment, a fine of not more than $250,000, or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $100 special assessment, a three-year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made. Notwithstanding the maximum sentence, Ms. Ellis understands that the sentence to be imposed in this case will be determined in accordance with the guidelines and policies promulgated by the United States Sentencing Guidelines Commission, Guidelines Manual (November 2005]) (hereinafter "Sentencing Guidelines"). Ms. Ellis understands that this sentence, including the applicable sentencing guideline range, will be determined solely by the Court, and the government cannot and does not make any promises, representations or predictions regarding what sentence the Court will impose. Ms. Ellis further understands that if the Court imposes a sentence greater than that provided in the Sentencing Guidelines range as determined by the

Court, or which is in any other way unsatisfactory to her, she cannot withdraw her guilty plea. This does not, however, limit Ms. Ellis's right to appeal an unlawful sentence.

3. **Financial Arrangements**: Ms. Ellis agrees that prior to or at the time of the sentencing, she will deliver to the Clerk's Office, United States District Court, a certified check in the amount of $100.00, to cover the special assessment, as required in Title 18, United States Code, Section 3013. Ms. Ellis also agrees to provide a full and complete accounting of all assets, real or tangible, held by her or in any other name for her benefit, and, to that end, to submit a standard form 500 (Financial Statement of Debtor).

4. **Cooperation**: Ms. Ellis agrees to cooperate completely, candidly, and truthfully in the investigation by this Office and the Federal Bureau of Investigation, Department of Health and Human Services, and Office of Personnel Management. Specifically, Ms. Ellis agrees:

    a. to provide complete, truthful, and candid disclosure of information and all records, writings, tangible objects, or other requested materials of any kind or description that she has which relate directly or indirectly to the subject of this investigation;

    b. to answer completely, truthfully, and candidly all questions put to her by attorneys and law enforcement officials during the course of this investigation;

    c. to make herself available for interviews by attorneys and law enforcement officers of the government upon request and reasonable notice;

    d. not to attempt to protect any person or entity through false information or omission, nor falsely to implicate any person or entity;

    e. not to disclose the fact of or details regarding her cooperation with law enforcement to any person or entity;

    f. to comply with any and all reasonable requests from federal government authorities with respect to the specific assistance that she shall provide;

    g. to answer, at trial, before the grand jury, or at any hearing arising out of this investigation, all questions put to her by the Court or by the attorney for any party completely, truthfully, and candidly;

    h. to provide a full and complete accounting of all assets, real or tangible, held by her or in any other name for her benefit, and, to that end, to submit a standard form 500 (Financial Statement of Debtor).

5. **Government Concessions:** In exchange for her guilty plea, the government agrees not to oppose Ms. Ellis's release pending sentencing, agrees not to oppose a three-level

adjustment for acceptance of responsibility pursuant to Sentencing Guidelines, Section 3E1.1(b), agrees not to oppose Ms. Ellis's voluntary surrender to commence serving any sentence which is imposed, provided that Ms. Ellis continues to show her acceptance of responsibility by: (a) cooperating with the presentence report writer (including answering all material questions truthfully and providing all financial information requested); (b) cooperating fully and truthfully with the court in any proceeding arising from this matter; (c) complying with the other provisions of this agreement; and (d) abiding by the conditions set for her release by the Court. Also, subject to other paragraphs in this agreement, the United States will not bring any additional criminal charges against Ms. Ellis in the United States District Court in the District of Columbia or the Superior Court of the District of Columbia for the health-care fraud outlined in the Information. This agreement not to prosecute Ms. Ellis does not extend to federal or local crimes of violence as those terms are defined in 18 U.S.C. §16 and D.C. § 23-1331(4). It is understood that the United States has no evidence, as of the date of this agreement, of any crimes of violence involving Ms. Ellis.

6. **Departure Committee:** At the time of Ms. Ellis's sentencing, the United States will advise the sentencing judge and the probation office of the full nature, extent, and value of the cooperation provided by Ms. Ellis to the United States. In addition, before sentencing, the United States will inform the Departure Committee of the United States Attorney's Office for the District of Columbia of the full nature, extent and value of the cooperation provided by Ms. Ellis to the United States. If the Departure Committee determines that Ms. Ellis has provided substantial assistance in the investigation or prosecution of another person or entity that has committed any offense, then this Office will file a motion pursuant to § 5K1.1 of the sentencing guidelines. Ms. Ellis understands that the determination of whether she has provided "substantial assistance" is within the sole discretion of the United States Attorney for the District of Columbia. Ms. Ellis further understands that the failure of this Office to file a "substantial assistance" departure motion is not a ground for her to move to withdraw her plea of guilty in this case.

7. **Court is not bound:** Ms. Ellis understands that the Court is not obligated to follow any recommendation of the government at the time of sentencing and that the final decision regarding her bond status or detention will be made by the Court at the time of her plea of guilty. The Court's decision in these regards are not grounds for withdrawal from this agreement.

8. **Reservation of Allocution:** The United States reserves allocution, including, among other things, the right: to inform the presentence report writer of any relevant facts; to dispute factual inaccuracies in the presentence report and to contest any matters not provided for in this plea agreement; to set forth at sentencing and at any proceedings before the Bureau of Prisons all of its evidence with respect to all of Ms. Ellis's criminal activities, subject to the provisions of the following paragraph.

9. The United States and Ms. Ellis hereby agree that since Ms. Ellis has agreed to cooperate with the United States, information provided by Ms. Ellis shall not be held against her,

except as follows (see Sentencing Guidelines Section 1B1.8):

    a.    information that was known to the United States prior to the date this plea agreement was agreed to by Ms. Ellis;

    b.    in a prosecution for perjury or giving a false statement pursuant to this agreement; and,

    c.    if there is a breach of this agreement by Ms. Ellis, as determined under the provisions of this agreement. In the event of such a breach, the United States retains the right to use any information provided by Ms. Ellis to impeach her at any subsequent proceeding.

10. If in this plea agreement the Government has agreed to recommend or refrain from recommending to the sentencing judge a particular resolution of any sentencing issue, the Government reserves the right to full allocution in any post-sentence litigation in order to defend the sentencing judge's ultimate decision on such issues.

11. **Breach of Agreement:** If Ms. Ellis fails to make a complete, truthful, and candid disclosure of information to federal law enforcement officers, government attorneys, and grand juries conducting this investigation, or to the Court, and/or if she commits any further crimes, or attempts to withdraw the plea, the United States will have the right to characterize such conduct as a breach of this plea agreement. If during this investigation or prosecution Ms. Ellis should commit perjury, knowingly give any false statement, commit any act of contempt, or obstruct justice, the United States may prosecute her for these offenses to the fullest extent provided by law. In the event of a breach, (a) the United States will be free from its obligations under the agreement and may take whatever position it believes appropriate as to the sentence and the conditions of Ms. Ellis's release (<u>for example, should your client commit any conduct after the date of this agreement that would form the basis for an increase in your client's offense level or justify an upward departure - examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer or Court - the Government is free under this agreement to seek an increase in the offense level based on that post-agreement conduct</u>); (b) Ms. Ellis will not have the right to withdraw the guilty plea; (c) Ms. Ellis shall be fully subject to criminal prosecution for any other crimes which she has committed or might commit, if any, including perjury and obstruction of justice; and (d) the United States will be free to use against Ms. Ellis, directly and indirectly, in any criminal or civil proceeding any of the information or materials provided by her pursuant to this cooperation agreement. Ms. Ellis waives any right to claim that evidence presented in such prosecution is tainted by virtue of the statements she has made.

12. In the event of a dispute as to whether Ms. Ellis has knowingly given materially false, incomplete or misleading information in fulfilling the terms of her cooperation agreement or whether Ms. Ellis has knowingly committed any other material breach of this agreement, and if the United States wants to exercise its rights under this agreement, and if Ms. Ellis so requests, the matter shall be submitted to the Court and shall be determined by the Court in an appropriate proceeding at which Ms. Ellis's disclosures and documents shall be admissible and at which time the United States shall have the burden to establish the same by a preponderance of the evidence.

13. **Presence of Counsel:** At all briefing and interviewing sessions conducted by investigators and/or attorneys for the government, Ms. Ellis shall be entitled to the presence, advice, and assistance of counsel, unless waived.

14. **USAO's Criminal Division Bound:** Ms. Ellis understands that this agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This agreement does not bind the Civil Division of this Office, any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against Ms. Ellis.

15. **Complete Agreement:** No other agreements, promises, understandings or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by Ms. Ellis, Ms. Ellis's counsel and an Assistant United States Attorney for the District of Columbia.

If the foregoing terms and conditions are satisfactory, Ms. Ellis may indicate her assent by signing the agreement in the space indicated below and returning the original to me once it has been signed by Ms. Ellis and you.

Sincerely yours,

*Jeffrey A Taylor/HS*
JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By: _____
GLEN DONATH
Assistant United States Attorney

5

   I have read this plea agreement and have discussed it with my attorney, Peter Spivack, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in paragraph one.

   I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: _____         _____
                     Lakeal O. Ellis
                     Defendant

   I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely sets forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 8-3-07         _____
                     Peter S. Spivack, Esquire
                     Attorney for the Defendant