UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>　　　　v.　　　　　　　　　　)<br>　　　　　　　　　　　　　　　)<br>LAKEAL O. ELLIS,　　　　　　 )<br>　　　　Defendant.　　　　　　)<br>　　　　　　　　　　　　　　　) | CR. No. 2007-170 (CKK)(AK) |

REPORT AND RECOMMENDATION

　　　　This matter was referred to a United States Magistrate Judge by the Honorable Colleen Kollar-Kotelly for the acceptance of a plea to a one-count Criminal Information, alleging a violation of 18 U.S.C. §1035, charging the Defendant with False Statement Relating to Health Care Matters.

Hearing on Plea

　　　　The Defendant, Lakeal O. Ellis, came before the Court on August 3, 2007, represented by counsel, Peter S. Spivack.  The Government was represented by Assistant United States Attorney Glen Donath.  For the record, Defendant, Defendant's counsel and Government counsel consented to proceed before the undersigned United States Magistrate Judge, for the purpose of conducting the plea colloquy and accepting the plea.  The Court placed Ms. Ellis under oath and ascertained that she was competent to enter a plea to the one-count Criminal Information, and the Court then proceeded to explain the nature of the charges to which the plea was being offered.

　　　　The Court followed Rule 11 of the Federal Rules of Criminal Procedure, advising the Defendant of the maximum possible penalty provided by law and ascertaining her awareness of the Sentencing Guidelines and the fact that such Guidelines are no longer mandatory, but should

be considered by the sentencing court. The Defendant acknowledged that she wished to waive her right to a jury trial before a United States District Court Judge and that by entering a plea of guilty, which, if accepted by the District Court, would waive her right to appeal a judgment of guilt. The Defendant indicated that the terms and conditions contained in the plea agreement, which was filed and made part of the record in this case, accurately reflected the agreement between herself, her counsel, and the United States and that no other promises, other than what was contained in the plea agreement, had been made to her in order to secure her plea of guilty in this case. Defendant acknowledged that she made a false statement relating to health care matters.

The Court found, after advising the Defendant of her rights, Ms. Ellis's plea of guilty to the one-count Criminal Information was voluntarily and knowingly made and that her admissions of guilt encompassed each of the elements of the offense charged in the one count of the Criminal Information.

## Recommendation

The undersigned recommends that the trial court accept Ms Ellis's plea of guilty based upon this Court's finding that the plea of guilty was knowingly and voluntarily made by Ms. Ellis, who was found to be competent and that she fully understood the nature and the consequences of entering such a plea. Following the entry of the plea of guilty, the Court directed that the Defendant be placed on a personal recognizance bond and that the referral to probation be deferred. No sentencing date has been set.

August 6, 2007                             _____/s/_____
                                           ALAN KAY
                                           UNITED STATES MAGISTRATE JUDGE